**FILED**

DEC 0 6 2018

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br><br>ALEXEI IZRAILEVICH POLYAKOV, a/k/a ALEX NORKA<br><br>*Defendant(s)* | Case No. 5:18-mj-2092-JG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 10, 2016** in the county of **Wake** in the **Eastern** District of **North Carolina**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1425(a)<br><br>and<br><br>18 U.S.C. 1015(a) | ALEXEI IZRAILEVICH POLYAKOV, a/k/a ALEX NORKA attempted to procure his naturalization by willful misrepresentation and concealment of material facts in violation of the provisions of Title 18, United States Code, Section 1425(a) and by making False Statements on a Naturalization Application in violation of Title 18 United States Code Section 1015(a). |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT TONY J. BELL WHICH IS HEREBY INCORPORATED BY REFERENCE.

☑ Continued on the attached sheet.

*Complainant's signature*

TONY J. BELL, Special Agent, HSI
*Printed name and title*

On this day, **Tony J. Bell** appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this criminal complaint.

Date: **6 DEC. 2018**

City and state: Raleigh, NC

*Judge's signature*

JAMES E. GATES, USMJ
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

AFFIDAVIT

1. I, Tony Bell, am a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) formerly known as the Immigration and Naturalization Service (INS), or United States Customs Service assigned to the Cary, North Carolina office. I have been employed as a Special Agent for over 13 years. My duties routinely include the investigation of violations of Title 8, 18, 19, 21 and 31 of the United States Code and of the federal criminal statutes concerning immigration offenses, including Immigration benefit fraud.

2. This Affidavit is submitted as evidence of the probable cause supporting a criminal complaint and arrest warrant for ALEXEI IZRAILEVICH POLYAKOV (hereinafter "POLYAKOV") for violation of 18 USC 1425(a), Attempted Procurement of Naturalization Unlawfully and 18 USC 1015(a), False Statements on a Naturalization Application.

3. Your affiant has personally reviewed Alien File (A-file) #071 380 387, maintained by the United States Citizenship and Immigration Services (USCIS) in the name of Alexei Izrailevich Polyakov, containing the alien's

1



biographical information, records of encounters with ICE, photographs and fingerprints. Based on a review of the A-File, the defendant, POLYAKOV, is the alien referenced therein and is a citizen and national of Belarus (born in Gomel, Belarus).

4. POLYAKOV entered the United States at New York, New York, on or about July 30, 1997, as a refugee pursuant to section 207 of the Immigration and Nationality Act (INA). POLYAKOV was authorized to remain in the United States indefinitely, providing that he did not fall into one or more categories of deportable offenses as defined in Title 8 U.S.C. 1227.

5. On or about September 16, 1998, POLYAKOV filed an application to Register Permanent Residence or Adjust Status (Form I-485) with the U.S. Immigration and Naturalization Service (INS).

6. On May 15, 2000, INS approved the I-485 application adjusting POLYAKOV's immigration status from a Refugee to that of a Lawful Permanent Resident of the United States.

7. On October 10, 2016, POLYAKOV filed an Application for Naturalization (Form N-400) with U.S. Citizenship and Immigration Services (USCIS), and certified under penalty of perjury that he provided or authorized all of the information in his application, and understood that all of the information

2



contained in, and submitted with, his application was complete, true and correct.

8. On October 12, 2016, USCIS National Benefits Center located in Lees Summit, Missouri received the Application for Naturalization (N-400) filed by POLYAKOV. At the time of filing the N-400, POLYAKOV listed an address of XXX Bromley Way, Raleigh, North Carolina, located within the Eastern District of North Carolina.

9. POLYAKOV attempted to procure his naturalization by willful misrepresentation and concealment of material facts. Part 2, question 3 of defendant POLYAKOV's naturalization application (Form N-400), asked him to declare "Other Names you have used since Birth (include nicknames, aliases, and maiden name, if applicable)." In response to the question, POLYAKOV disclosed only "POLYAKOV, ALEX" when in fact as he then knew, when he was arrested for Retail Theft in Salt Lake City, Utah on August 5, 2003, he used the name "Alex Norka".

10. POLYAKOV attempted to procure his naturalization by further willful misrepresentation and concealment of material facts. POLYAKOV willfully misrepresented and concealed his criminal history when he answered Questions 22 through 29 contained in Part 12 of the Application for Naturalization, Additional Information (Good Moral Character) and certified, under penalty of perjury, his answers as true and correct. The

3

first several questions in this Part asked, in Yes or No form, whether he had ever been arrested, cited, or detained by any law enforcement officer (including any immigration official or any official of the U.S. Armed Forces) for any reason; whether he had been charged with committing, attempting to commit, or assisting in committing a crime or offense; and whether he had been convicted of a crime or offense. To these, POLYAKOV answered truthfully by checking the box marked "Yes."

11. The questions then went on to ask about sentences received for the above, first, at Part 12, Question 26, by asking if he had ever been placed in an alternative sentencing or a rehabilitative program (for example, diversion, deferred prosecution, withheld adjudication, deferred adjudication, to which POLYAKOV checked the box "no;" and at Part 12, Question 28.A. whether he had ever been in jail or prison, for which POLYAKOV checked the box marked "yes." In explanation of the "yes" to the latter question, POLYAKOV explained in Part 12 Question 28.B, "If you answered 'Yes,' how long were you in jail or prison," by underlining the word "jail" and responding six (6) days.

12. Part 12 Question 29, then required that if the applicant had "answered "Yes" to any question in Item numbers 23-28, then complete this table. If you need extra space, use additional sheets of paper and provide any evidence to support

4

your answers." The following table is a verbatim representation of what was provided by POLYAKOV, and reflects the totality of the arrests that he admitted to as of October 10, 2016. No additional sheets or evidence were attached.

| Why were you arrested, cited, detained, or charged? | Date arrested, cited, detained, or charged. (mm/dd/yyy) | Where were you arrested, cited, detained or charged? (City or Town, State, Country) | Outcome or disposition of the arrest citation, detention, or charge (no charges filed, charges dismissed, jail, probation, etc.) |
|---|---|---|---|
| Simple Assault | 03/06/2009 | Raleigh, NC, USA | Charges Dismissed |
| DWI | 08/28/2007 | Raleigh, NC, USA | No Conviction, No Charges Filed |
| DUI | 11/06/2006 | Salt Lake City, Utah, USA | Has (sic) Found Not Guilty |
| Simple Assault | 01/18/2006 | Salt Lake City, Utah, USA | Charges Dismissed |
| DWI | 2001 | SLC, Utah, USA | Probation |

13. The response to Question 29, set forth above in paragraph 12, significantly misrepresented the number of encounters with law enforcement that resulted in POLYAKOV being arrested or detained. POLYAKOV knew, at the time he completed the N-400, that his representations as to his criminal history were false, misleading, and incomplete.

14. HSI RAC Raleigh conducted a review of POLYAKOV's full criminal history. The findings are contained in the following table:

5

| Date of Arrest | Location of Arrest | Charge | Disposition Date | Disposition |
|---|---|---|---|---|
| 01/26/2010 | Wake County, NC | Improper Use of Dealer Permit/Tag | 04/08/2010 | Dismissed |
| 05/12/2009 | Wake County, NC | Driving While License Revoked | 08/25/2009 | Dismissed |
| 03/06/2009 | Wake County, NC | Simple Assault | 06/17/2009 | Dismissed |
| 05/19/2008 | Wake County, NC | Use Foreign License while Driving While License Revoked | 08/05/2009 | Dismissed |
| 05/05/2008 | Wake County, NC | Improper Use of Dealer Permit/Tag | 06/02/2008 | Guilty |
| 08/27/2007 | Wake County, NC | Driving While License Revoked | 04/11/2008 | Dismissed |
| 08/27/2007 | Wake County, NC | Driving While Impaired | 04/07/2009 | Guilty, 14 days Jail, 12 months' Probation, $750 Fine |
| 11/19/2006 Case# 061414235 | Salt Lake City, Utah | (1) Driving Under the Influence (2) Failure to signal (3) Failure to stay in lane (4) Plates visible from 100feet | 07/18/2008 Trial | (1) Not Guilty (2) Not Guilty, (3) Guilty (4) Not Guilty |
| 11/07/2006 Case# 071400299 | Salt Lake City, Utah | (1) Simple Assault (2) Commission of Domestic Violence | 07/02/2007 | (1) Dismissed (2) Dismissed |
| 08/21/2006 Case # 061906016 | Salt Lake City, Utah | (1) Simple Assault, (2) Domestic Violence in Presence of Child, (3) Criminal Mischief | 01/10/2007 | (1) Dismissed (2) Dismissed (3) Dismissed |
| 03/18/2006 Case# 061403077 | Salt Lake City, Utah | Sexual Solicitation | 12/06/2007 | Guilty, Plea in abeyance PIA for 12 months ending 04/03/2007; Johns Program |
| 02/01/2006 Case# 061401276 | Salt Lake City, Utah | Criminal Mischief | 06/28/2006 | Dismissed |
| 07/20/2004 Case # 041904795 | Salt Lake City, Utah | (1) Aggravated Assault 3rd degree (2) Domestic Violence in Presence of Child 3rd deg. | 09/28/2004 | (1) Dismissed (2) Dismissed (3) Guilty, Simple Assault (no contest) 30 days in Jail, $300 Fine, 18 Months |

6

| | | (3) Simple Assault | | Probation |
|---|---|---|---|---|
| 08/05/2003 Case # 031412373 | Salt Lake City, Utah | Retail Theft Arrested under "Alex Norka" | 03/14/2007 | Guilty- 12 Month Probation to be dismissed 03/14/2007 w/o/ prej. ($250 Fine) |
| 04/01/2001 Case# 015903003 | Salt Lake City, Utah | (1) Driving Under the Influence (2) Handicapped Parking (3) Battery (4) Disturbing the Peace | 07/03/2002 Trial | (1) Guilty; 90 days jail, 88 suspended, 12 months probation, Fine $1295 (2) Not Guilty (3) Dismissed (4) Dismissed |

14. Based on this criminal record, there is probable cause to believe POLYAKOV not only misrepresented the answers to Part 12 Question 29 as to his specific arrests, but also to Part 12, Question 26, as to having received deferred prosecutions or deferred adjudications, and to Part 12, Question 28.B., as to how many days he had spent in jail. The facts misrepresented by POLYAKOV were material to determining his eligibility for naturalization because they would have had the natural tendency to influence the Naturalization Examiner's (or Secretary of Homeland Security's) decision whether to admit him to United States Citizenship. Had POLYAKOV disclosed in his Application for Naturalization that he had in fact committed these crimes, there is no doubt that USCIS would have inquired further and would have discovered that POLYAKOV, by operation of law, was not eligible for naturalization under section 316(a) of the INA, 8 U.S.C. Section 1427(a) and 8 C.F.R. 316.10(b)(vi).

7



15. Unless there are extenuating circumstances, an applicant for naturalization is precluded from establishing good moral character if, during the statutory period, he commits unlawful acts that adversely reflect upon his moral character. See 8 U.S.C. Section 1101(f), 8 C.F.R. Section 316.10(b)(3)(iii).

16. Whether unlawful acts affect an applicant's moral character is a case-by-case determination, considering the standards of the average citizen in the applicant's community of residence.

17. POLYAKOV was precluded from establishing good moral character because he was previously arrested for numerous offenses, outlined above, that he failed to disclose on the N-400 application. The fact that POLYAKOV provided false and incomplete information on this application adversely reflects upon his moral character. Consequently, he was ineligible for naturalization and illegally attempted to procure his naturalization.

17. Based on the foregoing, I, Tony Bell, respectfully request that a warrant be issued for the arrest of ALEXEI IZRAILEVICH POLYAKOV for attempting to procure United States Citizenship or Naturalization unlawfully, in violation of the provisions of Title 18, United States Code, Section 1425(a) and

making False Statements on a Naturalization Application in violation of Title 18 United States Code Section 1015(a).

_____
Tony J. Bell
Special Agent
Homeland Security Investigations


On this __6__ day of December, 2018, _Tony J. Bell_ appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this ~~criminal complaint.~~ Affidavit

_____
JAMES E. GATES
United States Magistrate Judge
Eastern District of North Carolina

